**IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE**
**CHAPTER 13 PLAN**

Check: __X   Original__ ____Amended Pre-Confirmation _____Modified Post-Confirmation

IN RE:  Michael F. Russell
        Carolyn L. Russell                CASE NUMBER:
Debtor(s)

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of **$1,238.00** on a _____ weekly; __X__ bi-weekly; ____ semi-monthly; or ____ monthly basis over a term of **60 months** by _____direct pay or __X__ wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing; provided, however, if the bankruptcy filing fee and/or pre-confirmation adequate protection payments are required to be made by the Trustee, a full month of plan payments shall be made by the debtor(s) within thirty (30) days from the date of filing.

2. **TAX REFUNDS.** In addition to the above-plan payments, debtor(s) tax refunds and/or earned income credits shall be paid into the plan as follows: ___ none;___ all: or, __X__ **in excess of $ 1000.00**. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, debtor to supply affidavit from non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s)' shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as debtor shall retain possession of said property.

4. **PRIORITY EXPENSES (including ADMINISTRATIVE EXPENSES)** under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

    a) Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of $ 3,000.00, less $ 500.00 previously paid by the debtor(s).

    b) **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c) **Domestic support obligations** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. The following, however, are 11 U.S.C. §507 (a)(1)(B) domestic support obligations which have been assigned to a governmental unit and may not be paid in full per 11 U.S.C. §1322(a)(4) in the event this is a five year plan providing for all of

debtor(s) projected disposable income.  Specifically, the debtor has child support and/or alimony obligation being paid as follows:

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full.  The debtor(s), however, must stay current with post-petition tax obligations.  In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be made timely.  In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities.  Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return.  Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: ____ 0%; ___ 1%-5%; _____ 6%-20%; __X___ **21% -70%,** _____ 71% - 100%; or ____ 100%

7. **COSIGNED DEBT.**  The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):
   **Creditor**                        **Approximate Balance**                **Monthly payment**

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured:
   _____

9. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:
   _____

10. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

11. **SECURED CLAIMS PAID BY THIRD PARTY.**  The Trustee shall make no payments on the following secured claims which shall be paid outside the plan directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless specifically disallowed herein.

    **Creditor**                        **Collateral**                **Designated Individual**

12A. **MORTGAGE** claim balances survive the plan.  The Debtors own a house and lot located at 117 Sandpiper Circle, Kingsport, TN  37663, which subject to a first mortgage or long-term lien held by Bank of America, and which shall be paid by the Trustee in monthly maintenance payments of $788.00 beginning May 2011.  In addition to the maintenance payment, the Trustee shall pay in full, in monthly installments of $66.00 at _0___% interest, a claim for mortgage/lien pre-petition arrearages in the approximate amount of $2,364.00, subject to any objection by the Debtors or the Trustee to any greater amount claimed by the creditor, in which event the arrearage claim will be paid in the amount allowed by the court.  Upon notification received as set forth in section 12(a)(4) and/or (5) herein, the Trustee shall pay any future mortgage increases or decreases due

to escrow and interest rate changes, subject to the rights of the Debtors and/or the Trustee to object.

The Debtors residence is subject to a second mortgage held by Regions Bank, and which shall be paid by the Trustee in monthly maintenance payments of $<u>360.00</u> beginning May 2011. In addition to the maintenance payment, the Trustee shall pay in full, in monthly installments of $<u>23.00</u> at 0% interest, a claim for mortgage/lien pre-petition arrearages in the approximate amount of $<u>1,080.00</u>, subject to any objection by the Debtors or the Trustee to any greater amount claimed by the creditor, in which event the arrearage claim will be paid in the amount allowed by the court. Upon notification received as set forth in section 12(a)(4) and/or (5) herein, the Trustee shall pay any future mortgage increases or decreases due to escrow and interest rate changes, subject to the rights of the Debtors and/or the Trustee to object.

Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

(1) To apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(2) To deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or defaults.

(3) To apply the post-petition monthly mortgage payments paid by the Trustee or by the Debtors to the month in which each payment is designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor in the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.

(4) To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(5) To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes in the property taxes and/or property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(6) To file with the court and serve upon the Trustee, the Debtors, and the attorney for the Debtors, by February 15 of each year governed by this plan, an Annual Statement detailing the following amounts paid by the Debtors during the preceding calendar year: (i) all payments applied to the principal balance; (ii) all payments applied to interest; (iii) all payments applied to any escrow account; (iv) all payments applied to any pre-petition arrearage claim and the remaining balance; and (v) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. Failure to file and serve the Annual Statement as set forth herein results in the mortgage being deemed fully current as of the calendar year for which the Annual Statement is due. The final Annual Statement shall be filed and served within 45 days after the Trustee files her Preliminary Trustee's Final Report and Certificate of Final Payment, a copy of which shall be

served by the Trustee on the holder or servicer of any claim required to file an Annual Statement. The failure to file the final Annual Statement as set forth herein following completion of the Debtors' plan and entry of discharge results in the mortgage being deemed fully current as of the date reflected in the Chapter 13 Trustee's Final Report and Certificate of Final Payment.

(7) *Modifications.* The holders of claims secured by a mortgage on real property of the Debtors, proposed to be cured in section 12(a) of this plan shall adhere to and be governed by the following:

(A) *Pre-petition defaults.* If the Debtors pay the cure amount specified in section 12(a), or in such lesser or greater amounts as may be established by the creditor's allowed proof of claim, which timely making all required post-petition payments, the mortgage will, at the conclusion of the plan, be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(B) *Post-petition defaults.* As set forth in section 12(a)(6) above, the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on a principal residence of the Debtors have an affirmative duty to file with the court and serve upon the Trustee, the Debtors, and the attorney for the Debtors an Annual Statement disclosing the status of the Debtors' mortgage loan account. Within 30 days of receipt of the Annual Statement, the Debtors may either (i) challenge the accuracy thereof by filing a motion with the court, to be served upon the holder and the Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtors acknowledge or the court determines are due. To the extent that amounts set forth on a timely filed Annual Statement are not determined by the court to be invalid or are not paid by the Debtors through a modified plan, the rights of the holder to collect these amounts will be unaffected.

*Costs of collection.* Costs of collection incurred by the holder after the filing of this bankruptcy case, including attorneys' fees, shall be claimed pursuant to section 12(a)(7)(B) above. No late fees shall be incurred or demanded due to administrative delays by the Trustee's office.

**12B.** **STRIPPED MORTGAGES.** The following mortgages and/or liens shall be avoided, stripped down and paid as an unsecured creditor as provided for under this plan, and the lien released upon conclusion of the debtor(s)' plan and discharge of debtor(s) hereunder:

**13.** **SECURED CREDITORS/ PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS.** The holders of the following allowed claims shall be paid the designated secured amount and/or value, interest rate and monthly payment over the life of the plan. Any portion of the allowed claim exceeding the designated secured value shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328.

Secured creditors eligible for pre-confirmation adequate payments shall be paid monthly pre-confirmation adequate protection payments by the Trustee in an amount equal to the designated monthly secured payment in the event the secured creditor circulates for entry an agreed adequate protection order. Pre-confirmation adequate protection payments shall be subject to the Trustee administrative fee and paid pro-rata to the extent funds are available in the event more than one creditor is entitled to pre-confirmation adequate protection payments.

**PROOF OF PERFECTION BY SECURED CREDITOR, INCLUDING MORTGAGES:** Prior to the meeting of creditors, all creditors asserting a security interest in property of the estate or property of the debtor(s), must file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the claim is paid by the Trustee or directly by the debtor(s). **(Local Bankruptcy Rule 3001-1 (a) and (b)).**

Claims filed as secured but not given a secured plan treatment herein shall be paid as unsecured irrespective of confirmed plan treatment and are subject to Trustee objection and/or lien avoidance if not properly documented or perfected.

| **Creditor** | **Collateral** | **Amount or Value** | **Payment** | **Interest rate** |
|---|---|---|---|---|
| Appalachian CU | '05 Honda | $ 7,752.00 | $179.00 | 5% |
| American Honda | '09 Honda | $11,798.00 | $272.00 | 5% |
| City of Kingsport | Real Estate | $ 776.00 | $18.00 | 12% |
| Appalachian CU | Vacant Lot | $15,941.00 | $367.00 | 5% |

14. **SURRENDERED COLLATERAL:** The debtor(s) surrender the following collateral and the secured creditor, unless noted otherwise, shall file and be paid an amended deficiency claim which shall relate back to a <u>timely</u> filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

    | **Creditor** | **Collateral** |
    |---|---|
    | **Litton Loan** | **505 Kimbark Lane, Kingsport, TN  37663** |
    | **First Tennessee** | **Windows at 505 Kimbark Lane, Kingsport, TN  37663** |

15. **SPECIAL PROVISIONS**.

    Student Loans shall be paid as unsecured with balance to survive plan.

    Johnson City Power Board will be paid outside the plan as the payment is included in their electricity bill each month.

| 03/15/2011 | /s/ Michael F. Russell and /s/ Carolyn L. Russell |
|---|---|
| Date | Debtor         Joint Debtor |

/s/ Charles Parks Pope
Charles Parks Pope (BPR# 15617)
Attorney for Debtor(s)
PO Box 6185
Johnson City TN 37602
423-282-2512 phone
423-282-2703 fax
charles@thepopefirm.com